Roger A. Colvin, Esq. (SBN 68773)
Sharon Medellín (SBN 213798)
ALVAREZ-GLASMAN & COLVIN
Attorneys at Law
13181 Crossroads Parkway North
Suite 400, West Tower
City of Industry, CA  91746
(562) 699-5500 · Facsimile (562) 692-2244
rcolvin@agclawfirm.com  smedellin@agclawfirm.com

Attorneys for Defendants City of Chico,
Chico Police Department and Mark Bass

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G. I. S. E. by and through his guardian ad litem, EDDIE SANCHEZ,<br><br>            Plaintiff,<br><br>    vs.<br><br>CITY OF CHICO, CHICO POLICE DEPARTMENT, MARK BASS, and DOES 1 through 100, inclusive,<br><br>            Defendants. | Case Number:<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1441(a) AND 1446 (a) (FEDERAL QUESTION); DECLARATION OF SHARON MEDELLÍN** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE THAT** Defendants City of Chico, Chico Police Department, and Mark Bass ("Defendants") hereby remove this action from the Superior Court for the State of California, County of Butte to the United States District Court for the Eastern District of California.  The removal is made pursuant to 28 U.S.C. Section 1446(a) on the following grounds:

1.    Defendants are named in the civil action filed in the Butte County Superior Court, entitled *G. I. S. E. v. City of Chico, et al.*, Superior Court Case No. 16CV02323.

2. Plaintiff filed his Complaint on October 11, 2016. A true and correct copy of the Complaint is attached as Exhibit 1 to the Declaration of Sharon Medellín.

3. No Proofs of Service on Defendants have been filed with the Superior Court. However, Defendants were all served with the Complaint on December 13, 2016. Medellín Dec., ¶ 3, Ex. 1.

4. This action meets the original jurisdiction requirements of 28 U.S.C. Section 1441(a) and is removable by Defendants pursuant to 28 U.S.C. Section 1446(a). A case is removable from state to federal court if the action could have originally commenced in federal court. 28 U.S.C., § 1441(a); *Grubbs v. General Electric Credit Union Corp.,* 405 U.S. 699, 702 (1972). The propriety of removal is determined at the time the petition for removal is filed by reference to Plaintiff's Complaint filed in state court. *La Chemise Lacoste v. Alligator Co.,* 506 F.2d 339, 343-44 (3d. Cir. 1974). When the Complaint states a claim invoking the original jurisdiction of the federal court, the action is removable. *Id.* Federal district courts have original jurisdiction over all actions brought under 42 U.S.C. Section 1343(a)(3) and all actions involving federal questions.

5. The Third, Fourth, Fifth, and Sixth Causes of Action are brought pursuant to 42 U.S.C. Section 1983 and allege violations of rights secured by the United States Constitution.

6. The remaining causes of action alleged in the Complaint are state causes of action. When an action originally filed in state court is removed to federal court, the federal tribunal has jurisdiction to determine not only the federal claims but all pendent state claims which drive "from a common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1996).

7. 28 U.S.C. Section 1446(b)(2)(A) requires the consent of all defendants "who have been properly joined and served" to the removal of the action. Those named as defendants but not yet served in the state court action need not join the notice of removal. *Northern Ill. Gas Co. v. Airco Industrial Gases* (7th Cir. 1982) 676 F.2d 270, 272 [removal notice defective if it fails to explain absence of codefendants]; *Destfino v. Reiswig* (9th Cir. 2011) 630 F.3d 952, 955 [codefendants not properly served need not join]. Thus, a defendant who has been served

1 or who has otherwise acquired notice of a state court action need to seek out and notify 2 codefendants who have not yet been served to ask them to join in the removal. *Gossmeyer v.* 3 *McDonald* (7th Cir. 1997) 128 F.3d 481, 489. In addition to Defendants, only DOE defendants 4 1 through 100 are included in the Complaint. Medellín Dec., ¶ 4. Accordingly, no consent to 5 this removal is required.

6     8.    This Notice of Removal is filed with this Court within 30 days after the 7 Complaint was served on Defendants. Medellín Dec., ¶ 5.

8     9.    This Notice of Removal is being filed in this Court and in the Superior Court. 9 Medellín Dec., ¶ 6.

10     10.    The following documents in addition to the Complaint are on file in Superior 11 Court Case No. and are attached as Exhibits 2-6 to the Declaration of Sharon Medellín.

12     a.    Civil Case Cover Sheet 10/11/16 Exhibit 2

13     b.    Notice of Assignment & Case Management Conference 10/11/16 14     Exhibit 3

15     c.    Summons Issued/Filed 10/14/16 Exhibit 4

16     d.    Order Appointing Guardian Ad Litem 10/14/16 Exhibit 5

17 **WHEREFORE**, the above-entitled action, now pending in the Superior Court of the 18 State of California, County of Butte, is removed to the United States District Court for the 19 Eastern District of California.

20

21 DATED: January 11, 2017    ALVAREZ-GLASMAN & COLVIN
22     VINCENT C. EWING
    CITY ATTORNEY
23

24     By: /s/ Sharon Medellín
25     Sharon Medellín
    Attorneys for Defendants City of Chico, Chico
26     Police Department, and Mark Bass

27

28

### **DECLARATION OF SHARON MEDELLÍN**

I, Sharon Medellín, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and before this Court. I am a partner with the law firm of Alvarez-Glasman & Colvin, attorneys of record for Defendants City of Chico, Chico Police Department, and Mark Bass ("Defendants") in this action. I am personally familiar with the facts stated herein and if called as a witness to testify, I could and would be competent to do so.

2. I submit this Declaration in support of Defendants' Notice of Removal of Action.

3. Attached hereto as Exhibit 1 is a true and correct copy of the Complaint filed by Plaintiff G. I. S. E. by and through his Guardian Ad Litem, Eddie Sanchez, in the Superior Court for the State of California, County of Butte, Case No. 16CV02323, on October 11, 2016 and served on Defendants on December 13, 2016.

4. No Proofs of Service of the Complaint have been filed with the Superior Court.

5. This Notice of Removal is filed with this Court within 30 days after the Complaint was served on Defendants.

6. This Notice of Removal is being filed in this Court and in the Superior Court.

7. The following documents are on file with the Superior Court in Case No. 16CV02323. True and correct copies of the documents obtained from the Superior Court's website are attached hereto as follows:

   a. Civil Case Cover Sheet 10/11/16 Exhibit 2;
   b. Notice of Assignment and Case Management Conference 10/11/16 Exhibit 3;
   c. Summons Issued/Filed 10/14/16 Exhibit 4; and

///
///
///
///

      d.      Order Appointing Guardian Ad Litem 10/14/16 Exhibit 5.

I declare under penalty of perjury to the laws of the United States of America that the foregoing is true and correct. Executed this 11th day of January 2017, at City of Industry, California.

                                        /s/ Sharon Medellín
                                        Sharon Medellín

## CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 13181 Crossroads Parkway North, Suite 400, City of Industry, CA 91746.

On January 11, 2017, I served the foregoing documents described as: **DEFENDANTS' NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1441(a) AND 1446 (a) (FEDERAL QUESTION); DECLARATION OF SHARON MEDELLÍN** on the interested parties in this action by placing true copies thereof as follows:

Wilcoxen Callaham, LLP
Daniele E. Wilcoxen
Drew M. Widders
2114 K Street
Sacramento, California 95816
Telephone (916) 442-2777
Facsimile (916) 442-4118
email: dwilcoxen@wilcoxenlaw.com
email: dwidders@wilcoxenlaw.com

*Attorneys for Plaintiff G. I. S. E. by and through his guardian ad litem, EDDIE SANCHEZ*

***By Mail (C.C.P. 1013(a)):*** I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the U.S. Postal Service. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at City of Industry, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on that date following ordinary business practices.

Executed on January 11, 2017, at City of Industry, California.

**(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Liza Slaughter

4818-0311-8400, v. 2