UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G.I.S.E., by and through his guardian *ad litem*, Eddie Sanchez,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF CHICO, CHICO POLICE DEPARTMENT, MARK BASS,<br><br>Defendants. | No. 2:17-cv-00075-TLN-DMC<br><br>**ORDER** |

This matter is before the Court on Plaintiff G.I.S.E.'s motion to appoint counsel. (ECF No. 23.) Defendants City of Chico, Chico Police Department, and Mark Bass oppose the motion. (ECF No. 25.) For the reasons set forth below, the motion is DENIED.

G.I.S.E. is a minor proceeding by and through his guardian *ad litem*, Eddie Sanchez.[1] Plaintiff initiated this action through counsel, but has not had counsel since March 19, 2018, when this Court granted former-counsel's motion to withdraw. (ECF No. 18). Thereafter, Plaintiff was granted two extensions of time to find new counsel, each time the Court noting a minor may not proceed *pro se* and may not proceed through a non-attorney guardian *ad litem*. (ECF Nos. 20, 21.)

---

[1] It appears Eddie Sanchez has not officially been appointed as the minor's guardian *ad litem* in this case.

1

Plaintiff's motion indicates Mr. Sanchez has attempted to retain counsel on numerous occasions but has been unable to secure an attorney to take the case.  Mr. Sanchez states he is unable to pay an attorney but is willing to compensate one by way of a contingency fee if Plaintiff is successful.  He also provides that he is unable to read or write and has been assisted by a friend in this case.  Plaintiff asks the court to appoint an attorney and set a contingency fee percentage that the attorney will be paid.  Defendants oppose the motion, primarily arguing there is no statutory or discretionary authority for the Court to appoint counsel for a minor in a civil matter.

As Plaintiff is aware, Mr. Sanchez cannot pursue this lawsuit on behalf of G.I.S.E. Indeed, the Ninth Circuit Court of Appeals has unequivocally held that "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997).  And Defendant is correct that there is no general right to counsel for civil litigants. *Lassiter v. Dept. of Social Services*, 452 U.S. 18 (1981).  Under 28 U.S.C. § 1915(e), the Court may "request" that counsel represent a civil litigant who is proceeding *in forma pauperis*.  But this does not give district courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).  Moreover, a court may ask counsel to represent an indigent litigant under § 1915 only in "exceptional circumstances." Determining whether a case involves exceptional circumstances requires an evaluation of (1) the likelihood of plaintiff's success and (2) plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved. *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

As an initial matter, Plaintiff is not proceeding *in forma pauperis* in this action.  Such status requires an application to proceed as such, and a court order finding the plaintiff meets the financial constraints to constitute indigency.  *See* 28 U.S.C. § 1915.  Even if he were, it is not clear to the Court that "exceptional circumstances" exist here such that the Court could or should request counsel for Plaintiff under § 1915.  As the Court is unaware of any authority requiring or even permitting appointment of counsel in this matter, Plaintiff's motion (ECF No. 23) is DENIED.

The Court is sympathetic to Plaintiff's predicament.  But the Ninth Circuit has held that if a lawyer is not secured to bring suit on a minor's behalf, the complaint should be dismissed without

prejudice so the minor may bring the action upon reaching the age of majority. *Johns*, 114 F.3d at 878.

      Because it appears Mr. Sanchez has been attempting to find a lawyer for his grandson, however, Plaintiff shall have one final extension of time to retain counsel in this matter. Not later than sixty days from the date of electronic filing of this Order, new counsel shall file a notice of association on the docket. Plaintiff is advised that a local bar association may be able to assist in finding counsel under a contingency fee arrangement or, possibly, pro bono. If Plaintiff is unable to retain counsel, this matter will be dismissed without prejudice and without further notice to the parties. *See Johns*, 114 F.3d at 878 n.2 (holding minor plaintiff's claims should be dismissed without prejudice so the plaintiff may bring them when he reaches the age of majority, and noting that generally state statutes of limitations "often toll causes of action for minors" but expressing no opinion on which causes of action, if any, were tolled in that particular case).

      IT IS SO ORDERED.

DATED: September 1, 2020

                                            Troy L. Nunley
                                            United States District Judge